**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHRIS HUDGENS, an individual, and ERIC CREWS, an individual, )<br><br>Plaintiffs, )<br><br>v. )<br><br>CITY OF NICOMA PARK, an Oklahoma municipality, and HUGH GILBERT, individually and in his official capacity as Police Chief, )<br><br>Defendants. ) | Case No. CIV-05-23-M |

**ORDER**

Before the Court is Defendants' Motion to Dismiss [docket no. 13], filed May 27, 2005. Plaintiffs filed a timely response. On July 11, 2005, Defendants filed their reply. The motion has been fully briefed and is now ripe for adjudication. The Court, after carefully considering the parties' submissions and the applicable law, now GRANTS IN PART and DENIES IN PART Defendants' motion.

I.    INTRODUCTION[1]

Plaintiffs Chris Hughes and Eric Crews had been employed by Defendant City of Nicoma Park ("Nicoma") for twelve (12) and ten (10) years respectively when their employment was terminated by Defendants in January, 2003. Defendant Hugh Gilbert was at all relevant times the Chief of Police for Nicoma. Plaintiffs allege that Mr. Gilbert acted under color of law and within the scope of his employment when he terminated Plaintiffs for allegedly soliciting citizens of Nicoma to sue the city. Plaintiffs also allege that the proffered explanation for the termination of

---

[1] This introduction is based on facts recited by Plaintiffs in their Second Amended Complaint.

their employment was pretextual, and that a substantial factor in Mr. Gilbert's decision to discharge them was the assistance Plaintiffs provided to Heather McConnell, a former Nicoma police officer, during her lawsuit against the city for gender discrimination.[2] According to Plaintiffs, the assistance they gave Ms. McConnell was protected by the First and Fourteenth Amendments of the United States Constitution.

On January 7, 2005, Plaintiffs filed the instant action, alleging, among other things, that Defendants deprived them of their Fourteenth Amendment right to procedural and substantive due process and that Defendants' actions were taken in retaliation for Plaintiffs' exercise of their First Amendment right to freedom of association.[3]

## II.     STANDARD FOR DISMISSAL

Motions to dismiss a complaint for failure to state a claim should be granted "only [when] it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). The issue in reviewing the sufficiency of Plaintiffs' Complaint is not whether they will prevail, but whether they are entitled to offer evidence to support their claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must assume as true all well pleaded facts in Plaintiffs' Complaint and view them in a light most

---

[2] Plaintiffs allege that the assistance they provided to Ms. McConnell consisted of Plaintiffs testifying during a depositions on matters of public concern and Plaintiff Hughes providing Ms. McConnell with Oklahoma Council on Law Enforcement Education and Training materials regarding the number of hours reserve officers are allowed to work.

[3] In their complaint, Plaintiffs also assert due process and free association claims under the Oklahoma Constitution. Defendants do not specifically address these claims in their motion to dismiss; however, in their reply, Defendants assert that these claims should also be dismissed. Because Defendants did not raise these arguments in their motion and because Plaintiffs have not had an opportunity to respond to these new arguments, the Court declines to address Defendant's belated motion to dismiss Plaintiffs' claims arising under the Oklahoma Constitution.

favorable to the Plaintiffs. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Sutton v. Utah State Sch. For the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Court must construe the pleadings liberally and make all reasonable inferences in favor of Plaintiffs. *Lafoy v. HMO Colo.*, 988 F.2d 97, 98 (10th Cir. 1993). However, the Court need not accept as true Plaintiffs' conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

III.  DISCUSSION

    A.  Due Process Claims

"In determining whether an individual has been deprived of his right to procedural due process, courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and if so, then (2) was the individual afforded an appropriate level of process." *Farthing v. City of Shawnee, Kan.*, 39 F.3d 1131, 1135 (10th Cir. 1994).[4]

The Tenth Circuit has held that where "a procedurally adequate post[-]termination hearing actually resulted in [the plaintiff's] . . . reinstatement, together with back pay for the temporary deprivation of his employment, he cannot now state a claim under § 1983 for loss of a constitutionally protected property interest." *Workman v. Jordan*, 32 F.3d 475, 479 (10th Cir. 1994). Plaintiffs concede that "reinstatement plus back pay, even without . . . pre-termination procedural due process prevents a § 1983 action for constitutional due process," Plaintiffs' Second Amended Complaint at 16, n.5, and Plaintiffs admit that, as a result of post-termination arbitration proceedings, they were reinstated and awarded full back pay and benefits. The Court, accordingly,

---

[4]Defendants do not contend that Plaintiffs have not sufficiently alleged a property interest in their employment which is entitled to the protection of procedural and substantive due process. As such, the Court assumes, without deciding, that they have.

finds that Plaintiffs' procedural due process claims are precluded by the Tenth Circuit's holding in *Workman* and should be dismissed.

The United States Supreme Court has recognized that the due process clause of the Fourteenth Amendment contains a substantive component as well, *see, e.g., Moore v. City of East Cleveland*, 431 U.S. 494, 501-502 (1977), and "if an individual's right to property is entitled to the protection of substantive due process, the state may not arbitrarily take that property from the owner." *Archuleta v. Colorado Dept. of Institutions, Div. of Youth Sers.*, 936 F.2d 483, 489 (10th Cir. 1991). The Tenth Circuit, however, has held that reinstatement and award of back pay precludes a substantive due process claim under § 1983. *Id.*

In the case at bar, Plaintiffs concede that "reinstatement and back pay negate a substantive due process claim," Plaintiffs' Second Amended Complaint at 17, n.6, and admit that, as a result of post-termination arbitration proceedings, they were reinstated and awarded full back pay and benefits. The Court, accordingly, finds that Plaintiffs' substantive due process claims are precluded by the Tenth Circuit's holding in *Archuleta* and should be dismissed.

B.   Freedom of Association Retaliation Claim

The United States Supreme Court has determined that there are two types of freedom of association: expressive and intimate. *See Roberts v. United States Jaycees*, 468 U.S. 609, 617-18 (1984). Defendants assert that Plaintiffs' retaliation claims are based on the freedom of intimate association. The Tenth Circuit has held that this is essentially a Fourteenth Amendment substantive due process right. *Griffin v. Strong*, 983 F.2d, at 1544 (10th Cir. 1993). Accordingly, for the reasons stated in section A above, the Court finds that, to the extent that Plaintiffs claim retaliation in violation of their rights to freedom of intimate association, such claims, if any, are precluded by

the Tenth Circuit's decision in *Archuleta* and should be dismissed.

Plaintiffs state they are asserting claims of retaliation in violation of their right to expressive association; such claims sound in the First Amendment. *Roberts*, 468 U.S. at 618. "It has long been clearly established that the First Amendment bars retaliation for protected speech and association." *Mimics, Inc. v. Village of Angel Fire*, 394 F.3d 836 (10th Cir. 2005) (citing *Crawford-El v. Britton*, 523 U.S. 574, 592 (2005)); *DeLoach v. Bevers*, 922 F.2d 618, 620 (10th Cir. 1990). "Although retaliation is not expressly discussed in the First Amendment, it may be actionable inasmuch as governmental retaliation tends to chill citizens' exercise of their constitutional rights." *Perez v. Ellington*, 421 F.3d 1128, 1131 (10th Cir. 2005). "[A] public employer cannot retaliate against an employee for exercising his constitutionally protected right of free speech." *Dill v. City of Edmond, Okla.*, 155 F.3d 1193, 1201 (10th Cir. 1998). A four-part test is used when determining whether a plaintiff has stated a First Amendment retaliation claim:

> First, we must determine whether the employee's speech involves a matter of public concern. If that is found to be the case, we then balance the employee's interest in commenting upon matters of public concern against the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees. Third, if the balance tips in favor of the employee, the employee must then show that the speech was a substantial factor or a motivating factor in the detrimental employment decision. Fourth, if the plaintiff establishes that speech was such a factor, the employer may demonstrate that it would have taken the same action against the employee even in the absence of the protected speech.

*Lybrook v. Members of the Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1134, 1338-39 (10th Cir. 2000) (internal quotations and citations omitted).

In their Second Amended Complaint, Plaintiffs allege that their speech involved matters of public concern, including, but not limited to the following: (1) practices of public officials indicating

malfeasance, including misuse and abuse of public funds for private purposes; (2) practices of public officials indicating race-based policing; and (3) comments indicating sexual harassment of female officers. Plaintiffs also allege that their terminations were substantially motivated by their protected associations with one another and with Heather McConnell. Having carefully reviewed Plaintiffs' Second Amended Complaint, and accepting as true all well-plead facts and viewing those facts in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have sufficiently plead their claims of retaliation in violation of their First Amendment right to freedom of expressive association. As such, the Court finds that Defendants' motion to dismiss Plaintiffs' claims of retaliation in violation of their First Amendment right to freedom of expressive association should not be dismissed.

## IV.   CONCLUSION

For the reasons set forth in detail above, the Court hereby GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss [docket no. 13] as follows:

(1) The Court GRANTS Defendants' motion to dismiss, and hereby DISMISSES, Plaintiffs' Fourteenth Amendment procedural and substantive due process claims and Plaintiffs' First Amendment retaliation claims to the extent that they assert retaliation in violation of Plaintiffs' freedom of <u>intimate</u> association, and

(2) The Court DENIES Defendants' motion to dismiss Plaintiffs' First Amendment retaliation claims to the extent that they assert retaliation in violation of Plaintiffs' freedom of <u>expressive</u> association.

**IT IS SO ORDERED this 31st day of March, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

6